**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| RICHARD JERRY McLEOD, | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **CASE NO:** |
| | : | **7:26-cv-05–WLS** |
| CATHERINE SMITH, *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

On February 10, 2026, Defendants Brooks County Board of Commissioners, Mike Dewey, and Michael Gaines (together the "Moving Defendants") filed an Amended Special Appearance Motion to Dismiss for Lack of Personal Jurisdiction and a Memorandum in Support thereof (Docs. 10 & 11) (together the "Motion to Dismiss"). The Motion to Dismiss was originally filed December 8, 2025, in a state court proceeding.[1] *Pro se* Plaintiff Richard Jerry McLeod has not filed a response to the Motion to Dismiss. The Court typically provides notice to *pro se* plaintiffs about how they may respond to a motion to dismiss. Hence, in an effort to ensure and to afford Plaintiff adequate notice regarding the Motion to Dismiss, the Court issues the instant Order. *See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

When considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

---

[1] On January 7, 2026, Defendants Chandler Giddes and the Thomasville Humane Society filed a Notice of Removal of this case from the Superior Court of Brooks County to this Court (Doc. 1).

The Motion to Dismiss seeks dismissal of the Complaint on the basis that Plaintiff failed to properly and timely serve the Moving Defendants.

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief, not exceeding 20 pages, in opposition to the Motion to Dismiss. M.D. Ga. L.R. 7.4. Furthermore, the Court's resolution of a motion to dismiss could result in granting judgment against Plaintiff, and there would be no trial or further proceedings as to the Moving Defendants.

As Plaintiff is proceeding *pro se*, the Court shall permit Plaintiff an opportunity to file a Response to Moving Defendants' Motion to Dismiss, if he so desires, within **twenty-one (21) days** of this Order or no later than **Tuesday, March 17, 2026**. Thereafter, the Court will consider Moving Defendants' Motion to Dismiss and any opposition to the same filed by Plaintiff and issue its ruling.

Plaintiff is noticed that if Moving Defendants' Motion to Dismiss is granted, Plaintiff's Complaint against Defendants Brooks County Board of Commissioners, Mike Dewey, and Michael Gaines may be dismissed without further notice or proceeding. Plaintiff is further noticed that upon a timely written motion for a reasonable time to obtain counsel, the Court will consider the same before addressing Moving Defendants' Motion to Dismiss. Otherwise, Plaintiff is entirely responsible for filing a timely response to Moving Defendants' motion as set out herein.

**SO ORDERED**, this 24th day of February 2026.

/s/ W. Louis Sands

**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2